## FITZGERALD, et v NATIONAL BOND & INVESTMENT CO*

Ohio Appeals, 9th Dist, Summit Co
No. 1840.   Decided March 3, 1931

S. A. Belden, Akron, for Fitzgerald.

Burch, Bacon, Sifling & Pheley, Akron, for C. I. T. Corp.

C. W. White and A. R. Doak, Akron, for The Nat'l Bond and Invest. Co.

subsisting mortgage upon said automobile and entitled to be first paid from the proceeds of the 'sale thereof.

In view of the decision in the case of **Commercial Credit Co. v Schreyer, 120 Oh St 568**, it must be conceded that the Supreme Court of this state has definitely decided that, as between the parties, there may be a valid transfer of title to an automobile without complying with any of the provisions of §6310-3 to 6310-14, GC, although one or both of the parties may be criminally prosecuted for a violation of said statutes in making such transfer.

From our consideration of that case and other cases bearing upon the subject, we think that it may be safely said that, where the parties so intend, the delivery of the possession of an. automobile in pursuance of a verbal contract of sale between a registered dealer and a purchaser (if not violative of the uniform sales laws of the state), transfers title to the purchaser, although none of the provisions of §6310-3 to 6310-14 GC are complied with; and where the title is so transferred and the purchaser having possession, executes a chattel mortgage thereon in conformity to law, such mortgage is valid between the parties thereto, and if such mortgage is properly filed for record and such purchaser thereafter, without any intention to transfer the title thereof, delivers such automobile to the dealer from whom he purchased it, for the sole purpose of having the same repaired, such dealer obtains no title to the automobile but holds the same as bailee; and in the absence of facts showing an estoppel, a subsequent or second purchaser in good faith from him, obtains no title, although such dealer gave to such subsequent purchaser a bill of sale in accordance with the provisions of §6310-3 to §6310-14.

We are further of the opinion that if such subsequent purchaser, who has such bill of sale and possession, executes, according to law, a chattel mortgage to an innocent mortgagee, such. mortgage does not have priority over the mortgage given by the original or first purchaser while he had possession of the automobile without a bill of sale therefor.

It is a very general and fundamental principle of law applicable to personal property that an owner should not be deprived of his property without his consent except by due process of law, and that accordingly no man can get a title to chattels from a person who himself has no title to them and no right on behalf of the owner to convey a title to them.

The law as announced in **Roland v Gundy, 5 Oh St 202**, to the effect that "The owner

WASHBURN, J.

It is apparent that all the parties to these transactions, except the dealer, were innocent parties, and the main question for determination is as to whether the mortgage given by the first purchaser is a valid and

of a chattel, sold by the bailee, can recover the specific chattel or its value of whomsoever he may find in possession of it" seems to be quite generally recognized and approved by the courts in this country. It is recognized, of course, that an owner may so conduct himself as to be estopped from asserting his title against an innocent purchaser from the bailee, the rule or doctrine being that, where, as between two innocent parties, the title of one or the other must be lost, the loss must rest upon the one who designedly, or by negligence, places some third person in such apparent control of the title as enables him to perpetrate a fraud upon the other; but by the great weight of authority, this doctrine or rule cannot be so applied as to deprive one of the title to a chattel who never meant to dispose of it at all, nor to enable anyone else to affect his title, and who never gave to anyone an indicia of title and never did any act with regard to it which he might not properly and fairly have done in the management of his own concerns.

Mere possession of a chattel is not an indicia of title.

In the case at bar no estoppel was plead, and the facts relied upon to work an estoppel are simply that the first purchaser failed to file a bill of sale for said automobile and later delivered the car to said dealer.

That delivery was made for a legitimate and proper purpose and in the usual course of business, was not an act calculated to deceive, and was done with no intention to mislead; the first purchaser having a badly damaged automobile, of which there was no record title in the dealer or anyone else, merely delivered it to the dealer to have it repaired; he signed nothing and did not clothe the dealer with the indicia of title; he could not reasonably anticipate that it could be so repaired as to be saleable as a new car, nor that the dealer would attempt to so sell it; he had no knowledge of what the dealer was doing with the car, and he was not negligent in failing to ascertain what the dealer was doing; it was, in fact, a used car, and the first purchaser had no reason to suppose that his failure to file a bill of sale would enable the dealer to sell it as a new car, and under all the circumstances we are unable to find that the first purchaser was estopped from insisting upon his title, and in any event we find no facts in the record which estop the first mortgagee from insisting that its mortgage is the first and best lien upon said automobile.

PARDEE, PJ, and FUNK, J, concur.